# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DONNA LEWIS, )
)
Plaintiff, )
)  No. 04 C 6050
v. )
)  Judge Ruben Castillo
CITY OF CHICAGO, and )
TERENCE WILLIAMS )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On December 21, 2007, following an eight-day jury trial, this Court entered a jury verdict in favor of Defendants, City of Chicago ("City") and Terence Williams ("Williams"), and against Plaintiff, Donna Lewis, on Plaintiff's claims of discrimination and retaliation. (R. 207, Min. Entry; R. 208, Judgment; R. 210, Jury Verdict.) On June 30, 2008, the Court denied Plaintiff's motion for a new trial. (R. 241, Min. Entry; R. 242, Mem. Op.) Both the jury verdict and the denial of Plaintiff's motion for a new trial were affirmed by the Seventh Circuit on December 21, 2009. *See Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 431 (7th Cir. 2010). Presently before the Court are the City's and Williams' petitions for costs pursuant to Federal Rule of Civil Procedure 54(d). (R. 216, City's Am. Bill of Costs; R. 214, Williams' Am. Bill of Costs.) Williams seeks $7,245.35 in costs, (R. 259, Williams' Reply at 1), and the City seeks $12,025.20 in costs, (R. 260, City's Reply at 1). Plaintiff objects to Defendants' costs and argues that costs should not be awarded because she is indigent and unable to pay the costs that Defendants seek. (R. 258, Pl.'s Resp. at 4-5.) Alternatively, Plaintiff asks the Court to reduce the amount of costs

1

to $4,927.28. (*Id.* at 5-12.) For the reasons stated below, the Court awards the City $9,485.90 in costs and awards Williams $6,848.35 in costs.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "district court may not tax costs under Rule 54(d)[, however,] unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987)). The list of recoverable costs authorized under 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees . . . ; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920(1)-(6). Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 702 (7th Cir. 2008). In short, the determination of whether to tax costs against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Although there is a strong presumption that the prevailing party will recover costs, *Park v. City of Chi.*, 297 F.3d 606, 617 (7th Cir. 2002), the "party seeking an award of costs carries the burden of showing that the requested costs were

necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009); *Telular Corp. v. Mentor Graphics Corp.*, No. 01-431, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). Once the prevailing party demonstrates that particular items of costs should be allowed, the losing party then bears the burden to affirmatively show that the taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Generally, only the losing party's inability to pay or misconduct by the prevailing party worthy of a penalty will suffice to justify denying costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006) (declining to abolish the indigence exception to Rule 54(d)(1)). Ultimately, the decision of whether to award costs is within the Court's discretion. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

## ANALYSIS

### I. Whether Plaintiff is indigent

At the outset, Plaintiff argues that Defendants' amended petition for costs should be denied in its entirety because she is indigent and unable to pay for any costs. (R. 258, Pl.'s Resp. at 4-5.) Plaintiff asserts that she is permanently disabled and unable to obtain work as a result. (*Id.* at 4.) According to Plaintiff, she is in "dire financial circumstances," and "has no prospect of increasing her income or obtaining employment elsewhere" because of her disability. (*Id.*) Plaintiff requests that the Court deny Defendants' claims for costs because an order requiring her

3

to pay Defendants' costs "would impose an insurmountable financial hardship [on] her." (*Id.* at 5.)

A losing party's inability to pay is an appropriate factor to consider when granting or denying taxable costs. *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) (citing *Delta Airlines, Inc. v. Colbert*, 692 F.2d 489 (7th Cir. 1982)). In *Badillo*, the Seventh Circuit held that although it was "[m]indful of the presumption that costs are to be awarded to the prevailing party under [Rule 54(d)], . . . this presumption may be overcome by a showing of indigency." *Id.* (citing *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772 (7th Cir. 1975)). Nevertheless, "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635 (citing *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999)).

When ruling on a losing party's assertion that it is indigent and therefore unable to pay the prevailing party's costs, courts engage in a two-step analysis. *Id.* at 635. First, the Court "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party bears the burden of providing the Court with "'sufficient documentation to support such a finding.'" *Id.* (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)). "This documentation should include evidence in the form of an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses." *Id.* Second, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The Seventh Circuit has made clear "that the [indigence] exception is a narrow one." *Id.* at

4

636.

In support of her indigence claim, Plaintiff submitted an affidavit attesting that, "[a]s a result of injuries sustained through [her] work as a police officer with the City of Chicago, [she is] presently disabled and unable to work as a police officer." (R. 258-2, Pl.'s Aff. ¶ 2.) Plaintiff attests that due to her fixed income, her "financial situation is dire[.]" (*Id.* ¶¶ 3, 8.) According to Plaintiff, although the "gross amount of [her] monthly disability payment is $3,978.50," her total monthly expenses are approximately $4,954.00. (*Id.* ¶ 4.) Plaintiff also attests that she is "in debt in excess of $26,000.00, including outstanding student loans, credit cards, and . . . a payday loan." (*Id.* ¶ 5.) According to her, she is in arrears on several of those loans and on her monthly mortgage payment. (*Id.* ¶¶ 5-6.) Plaintiff also states that she has "not been able to pay [her] utility bills in full or on time and [has] had to enter into payment arrangements to prevent [her] utilities from being cut off." (*Id.* ¶ 7.)

Although Plaintiff provides this information through her sworn affidavit, Plaintiff has not provided a schedule of her expenses, as required by *Rivera*, 469 F. 3d at 635, or any other documentary evidence of her income or assets, *id.* For this reason, the Court finds that it lacks sufficient documentary evidence to determine whether Plaintiff will have a difficult time paying an award of costs in the future. Plaintiff has failed to meet her burden of providing sufficient documentation to support a finding of indigency, and costs will not be denied on this basis. *See McGill*, 18 F.3d at 459-60 (affirming district court's imposition of costs on non-prevailing plaintiff, a state prisoner, who claimed he was indigent because the Seventh Circuit was "not convinced on the record that [the plaintiff] will not ever be able to pay the order imposing costs"); *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *4 (N.D. Ill. April 8, 2008)

(concluding that the plaintiff was not indigent because he had not provided the court with sufficient documentation about his ability to pay for costs in the future, even though his affidavit made it clear that his household expenses were more than his present income); *Tumas v. Bd. of Educ. of Lyons Twp. High Sch. Dist. No. 204*, No. 06 C 1943, 2008 WL 611601, at *1 (N.D. Ill. Feb. 29, 2008) (finding that the plaintiff did not demonstrate actual indigency, as opposed to "merely limited financial resources," and an inability to pay costs now or in the future where the plaintiff argued that the imposition of costs would be an extraordinary financial burden). While the Court sympathizes with Plaintiff's circumstances, it cannot determine that Plaintiff is indigent on the basis of the documentation provided. Accordingly, the Court will grant Defendants an appropriate award of recoverable costs.

## II.    Allowable costs under Federal Rule of Civil Procedure 54(b)

Plaintiff next argues that any award of costs should be reduced because Defendants seek reimbursement for expenses that were not necessary or reasonable. (R. 258, Pl.'s Resp. at 5.) Specifically, Plaintiff requests that the Court reduce Defendants' costs to $4,927.28. (*Id.* at 12.) Plaintiff divides her objections into the following categories: (1) Defendant Williams' costs; (2) the City's fees for service of summonses and subpoenas; (3) Defendants' fees for the court reporter for all or parts of transcripts necessarily obtained for use in the case; (4) the City's fees for witnesses; and (5) the City's fees for exemplifications and copies of papers necessarily obtained for use in the case. (*Id.*) The Court addresses each category in turn.

### A.    Williams' costs

Without citing to any authority, Plaintiff first contends that the Court should not award any of Williams' costs because his defense was funded by and waged in concert with the City.

6

(R. 258, Pl.'s Resp. at 5.) Plaintiff asserts that the City has an obligation to indemnify Williams, and therefore the City paid his legal fees and the costs of his defense. (*Id.*) Defendants argue that Plaintiff elected to sue not only the City, but also Williams in his individual capacity, who in turn elected to be represented by separate counsel. (R. 260, City's Reply at 5; R. 259, Williams' Reply at 2.) The City notes that regardless of which Defendant may ultimately pay for costs that were incurred in this case, the fact remains that reasonably necessary costs were incurred by both defendants. (R. 260, City's Reply at 5.) Williams further asserts that Plaintiff should not be heard to argue that Defendants, whom Plaintiff elected to sue, "should have somehow shared a single transcript for each of the depositions which [Plaintiff] noticed" when each Defendant was represented by separate counsel. (R. 259, Williams' Reply at 2.)

Plaintiff's argument is not persuasive. As Defendants point out, Williams was sued in his individual capacity, was represented by separate counsel, and incurred his own costs in defending against Plaintiff's claims. Plaintiff has not overcome the strong presumption that Williams, a prevailing party, is entitled to costs. *See Park*, 297 F.3d at 617. Accordingly, the Court will award Williams those costs that were reasonable and necessary.

### B. City's fees for service of subpoenas

The City requests $990.00 for "process serving fees," which it claims are recoverable under Rule 54(d). (R. 216, City's Am. Bill of Costs at 1; R. 217, City's Mem. at 7.) Specifically, the City served twenty-two subpoenas for medical records. (R. 216-2, Ex. A to City's Am. Bill of Costs at 9-10, 35-56.) The City used police officers to serve the subpoenas at a service cost of $45.00 per subpoena. (*Id.* at 35-56.) The City contends that it was necessary to obtain Plaintiff's medical records because Plaintiff sought damages for alleged physical injuries

7

and emotional distress. (R. 260, City's Reply at 8.) Plaintiff contends that the City's fees for service of the subpoenas should be reduced by $856.80, to $133.20 in allowed costs. (R. 258, Pl.'s Resp. at 9-10, 12.) According to Plaintiff, the subpoenas were served by police officers even though "[s]ubpoenas can be and routinely are mailed at a cost of only cents (standard postage rate) per service or facsimile transmission." (*Id.* at 9-10.) Plaintiff further asserts that "even if sent by certified mail, that expense would be only around $4.20 per service." (*Id.*) Plaintiff's argument lacks merit.

Prevailing parties may "recover service costs that do not exceed the marshal's fees, no matter who actually effected service." *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The subpoenas at issue here were served between May and June 2005. (R. 216-2, Ex. A to City's Am. Bill of Costs at 9-10, 35-56.) At that time, the United States Marshals Service charged "$45 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." *Revision to U.S. Marshals Serv. Fees for Servs.*, 73 Fed. Reg. 69552, 69553 (Nov. 19, 2008) (to be codified at 28 C.F.R. pt. 0) (outlining the 2000 rates that remained in effect until 2008). Here, the City is seeking the minimum amount charged by the Marshals Service. Accordingly, the Court awards the City $990.00 in costs for service of the subpoenas.

## C.    Defendants' fees for the court reporter for all or any part of transcripts

The City seeks a total of $9,380.10 in transcript costs pursuant to 28 U.S.C. § 1920(2)—$7,359.40 for fees relating to depositions taken in this case and $2,020.70 for daily trial transcripts. (R. 216-2, Ex. A to City's Am. Bill of Costs at 7-8, 11-27; R. 216-2, Ex. B to City's Am. Bill of Costs at 59-60; *see also* R. 260, City's Reply at 1 n.1.) Williams seeks

$7,245.35 in costs for fees relating to depositions taken in this case. (R. 259, Williams' Reply at 1.) Plaintiff requests that the City's claimed fees be reduced by $5,031.07, to $4,428.43. (R. 258, Pl.'s Resp. at 12.) The Court addresses each category of costs in turn.

### 1. Deposition transcripts

The City seeks $6,901.40 in deposition transcript fees for nineteen depositions that were taken between May and December 2005.[1] (R. 216-2, Ex. A to City's Am. Bill of Costs at 7-8, 11-27; R. 216-2, Ex. B to City's Am. Bill of Costs at 59-61.) Williams seeks $6,671.65 in deposition transcript costs for eighteen depositions that were taken between June and December 2005.[2] (R. 214, Williams' Am. Bill of Costs at 1, 3-22; R. 259, Williams' Reply at 1 n.1.) A prevailing party may recover costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *2 (N.D. Ill. July 18, 2006) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)).

According to the City, "[t]he deposition transcripts were used by [the City] in preparing its motion for summary judgment and statement of material facts, in replying to Plaintiff's

---

[1] The City requests costs for the depositions of the following individuals: Terence Williams, Michael Shields, George Rosebrock, Donna Lewis (2 volumes), Frederick Melean, Lonnie Johnson, James Maurer, Dana Starks, Darryl Gilliam, Daniel Lewis, Dr. Wesley Yapor, Daniel Weyland, Ernest Brown, Denise Draper-Sibley, Michael Martin, Thomas Mills, Robert Goode, Kathryn Pajak, and Dr. Linda Collinsworth. (R. 216-2, Ex. A to City's Am. Bill of Costs at 7-8, 11-27; R. 216-2, Ex. B to City's Am. Bill of Costs at 59-60.)

[2] Williams requests costs for the depositions of the following individuals: Williams, Shields, Rosebrock, Lewis (2 volumes), Melean, Johnson, Maurer, Starks, Gilliam, Weyland, Brown, Draper-Sibley, Martin, Mills, Goode, Pajak, and Frank Gomez. (R. 214, Williams' Am. Bill of Costs at 1, 3-22; *see also* R. 259, Williams' Reply at 1 n.2.)

response to the motion for summary judgment, and in preparing for trial and cross-examining witnesses during trial." (R. 217, City's Mem. at 4.) Specifically, the City asserts that it used fifteen of the deposition transcripts in its motion for summary judgment and related papers. (*Id.* at 5.) The City further notes that while the depositions of Daniel Lewis, Dr. Collinsworth, Weyland, and Draper-Sibley were not used in the parties' summary judgment papers, they were necessary in the subsequent jury trial. (*Id.* at 5 n.4.) Plaintiff contends that the City's claimed fees for deposition transcripts should be reduced by $2,553.47. (R. 258, Pl.'s Resp. at 6.) According to Plaintiff, Defendants should not recover for nine depositions[3] because "Defendants did not cite any of these depositions in [their] statement of facts in support of their summary judgment motion, nor did they call any of these witnesses at trial." (*Id.* at 6-7) (citations omitted).

Contrary to Plaintiff's argument, however, it is well-established "that costs may be awarded for deposing a witness who is not called at trial as long as the deposition was necessary when taken." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *see also Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981) ("It is well established that '(t)he charges of the court reporter for the transcripts . . . of depositions reasonably necessary for use in the case even though not used at trial are recoverable upon a proper showing as provided in 28 U.S.C. [§] 1924.'") (quoting *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975)). Furthermore, "[t]he introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping*

---

[3] Specifically, Plaintiff contests the fees associated with the depositions of the following individuals: Shields, Rosebrock, Johnson, Starks, Weyland, Draper-Sibley, Martin, Mills, and Goode.

*Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Id.* (citing *Finchum*, 57 F.3d at 534.) According to the City, Plaintiff noticed and took all nine of the contested depositions. (R. 260, City's Reply at 6.) Additionally, Plaintiff listed all nine individuals as either "will call" or "may call" witnesses on her list of trial witnesses. (R. 169, Final Pretrial Order, Schedule B at 19-20.) Accordingly, the Court finds that the nine contested deposition transcripts were reasonably necessary to the preparation of Defendants' case, and the Court will therefore award Defendants reasonable costs for those deposition transcripts. With respect to the uncontested deposition transcripts, the Court notes that they were for Plaintiff and Williams, and that Plaintiff listed Melean, Maurer, Gilliam, Brown, Martin, Pajak, Dr. Collinsworth, Daniel Lewis, and Gomez on her "will call" or "may call" list of trial witnesses. Accordingly, the Court also finds that the uncontested deposition transcripts were reasonably necessary to the case.

Under Local Rule 54.1(b), "the costs of the transcript . . . shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed[.]" N.D. Ill. L.R. 54.1(b). In 2005, parties could recover $3.30 per page for an ordinary transcript and $4.40 per page for an expedited transcript. *Fairley*, 2008 WL 961592, at *5. Each of the invoices submitted by the City, with the exception of the invoice for Daniel Lewis' deposition transcript, demonstrates that the charges for the deposition transcripts fall below the Judicial Conference's allowable rates. Accordingly, the Court grants the City $6,544.40 for those transcripts. With respect to the transcript of Daniel Lewis's deposition, however, the Court only allows the City to recover $3.30 per page, and not the $4.25

11

per page requested, for a total of $277.20. (R. 216-2, Ex. B to City's Am. Bill of Costs at 59.) Therefore, the Court allows the City to recover a total of $6,821.60 for deposition transcript fees.

The invoices submitted by Williams for Plaintiff's second deposition on July 26, 2005 ($641.70), and the depositions of Williams ($688.80), Shields ($535.20), Rosebrock, ($508.20) Melean ($278.40), Johnson ($249.60), Maurer ($271.20), Starks ($225.60), Gilliam ($554.40), Weyland ($217.35), Brown ($391.20), Draper-Sibley ($273.60), Martin ($218.40), Mills ($148.80), Goode ($153.60), Pajak ($228.00), and Gomez ($244.80) also demonstrate that the charges for the deposition transcripts fall below the amounts allowed for transcripts by the Judicial Conference. Accordingly, the Court grants Williams $5,828.85 in costs for these deposition transcripts.

Williams also requests $842.40 for an original transcript, with expedited delivery, for the first volume of Plaintiff's deposition taken on June 1, 2005. (R. 214, Williams' Am. Bill of Costs at 4.) Plaintiff contends that she should not "be forced to pay for Defendants' choice to order certain transcripts on an expedited basis." (R. 258, Pl.'s Resp. at 8.) Williams does not offer any justification as to why the transcript was requested on an expedited basis. And, as Plaintiff points out, the City only requested $526.50 for the exact same copy of this transcript that was not ordered on an expedited basis. Since Williams failed to provide the Court with any justification as to why the transcript was ordered on an expedited basis, the Court will only allow Williams to recover $526.50—the same amount that the City will recover for the exact same transcript. Therefore, the Court awards Williams a total of $6,355.35 in fees for deposition transcripts.

**2.      Court reporter attendance fees**

Both the City and Williams also seek costs for court reporter attendance fees. Specifically, the City seeks $330.80 in court reporter attendance fees for the depositions of Daniel Lewis, Dr. Yapor, and Dr. Collinsworth. (R. 217, City's Mem. at 5; R. 216-2, Ex. A to City's Am. Bill of Costs at 8, 20-21, 27; *see also* R. 260, City's Reply at 1 n.1.) Williams seeks $493.00 in court reporter attendance fees for both of Plaintiff's depositions. (R. 214, Williams' Am. Bill of Costs at 4, 8.) Plaintiff contends that "such 'appearance fees' are plainly not recoverable[.]" (R. 258, Pl's Resp. at 8) (citing *Alek v. Univ. of Chi. Hosp.*, No. 99 C 7421, 2002 WL 1880706, at *2 (N.D. Ill. Aug. 14, 2002) (declining to award court reporter attendance fees); *In re Meyer*, No. 95 C 6639, 1998 WL 160989, at *3 (N.D. Ill. Apr. 1, 1998)). Contrary to Plaintiff's argument, however, the Seventh Circuit has made clear that a prevailing party may be awarded "deposition attendance fees charged by the court reporter" in the exercise of the district court's discretion pursuant to 28 U.S.C. § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (citing *Finchum*, 57 F.3d at 534); *see also Extra Equips. E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("Since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript.").[4] Court reporter attendance fees must be reasonable, and "[h]ourly fees in

---

[4] Plaintiff does not argue that Defendants may not recover court reporter fees over and above the maximum transcript rates prescribed by the Judicial Conference. (*See* R. 258, Pl.'s Resp.) The Seventh Circuit recently noted that courts in this District are split on the issue of "whether [Local Rule 54.1's] limit on the per page reimbursement includes appearance fees." *Harney v. City of Chi.*, Nos. 10-2095, 10-2817, 2012 WL 6097336, at *9 (7th Cir. Dec. 10, 2012) (collecting cases) (concluding that the issue would be best addressed by an amendment of Local Rule 54.1 because it arises solely out of the application of the district court's own local rule, and finding that the plaintiffs waived the issue because they failed to address it in their reply brief). Because the Seventh Circuit has previously awarded the maximum allowable rate in addition to a court reporter attendance fee, *Cengr*, 135 F.3d at 457 (awarding the maximum per page rate and court reporter attendance fee), the Court will do so as well.

excess of $60.00 are ordinarily unreasonable." *Dishman v. Cleary*, 279 F.R.D. 460, 468 (N.D. Ill. 2012) (citing *Askew v. City of Chi.*, No. Civ.A. 04 C 3863, 2006 WL 1005167, at *1 (N.D. Ill. Apr. 12, 2006)). Here, the invoices submitted by Williams demonstrate that the court reporter charged an hourly rate of $34.00 per hour, (R. 214, Williams' Am. Bill of Costs at 4, 8), and so these costs are reasonable. Additionally, for Daniel Lewis' deposition, the court reporter assessed the City $90.00 for one hour and 44 minutes of reporting time. (R. 216-2, Ex A to City's Am. Bill of Costs at 20.) That represents an hourly rate of $51.43, which is reasonable. For Dr. Collingsworth's deposition, the court reporter charged an hourly rate of $35.00, (*id.* at 27), which is also reasonable. For Dr. Yapor's deposition, however, the court reporter charged an hourly rate of $70.00. (*Id.* at 21.) The Court will only allow the City to recover $60.00 for Dr. Yapor's deposition. In total, the Court awards the City $325.00 in attendance fees, and also awards Williams $493.00 in attendance fees.

### 3. Copies of deposition exhibits

The City seeks $123.00 for photocopies of deposition exhibits. (R. 216-2, Ex. A to City's Am. Bill of Costs at 7-8, 11-12, 14-15, 17, 24, 26.) Williams seeks $80.50 for photocopies of deposition exhibits. (R. 214, Williams' Am. Bill of Costs at 5, 7, 14, 18, 20.) "Costs for exhibits are recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case." *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007) (citing *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000); *Cengr*, 135 F.3d at 456 (refusing to allow the prevailing party to recover the costs of copying deposition exhibits where the defendant was given copies of the exhibits)).

Defendants fail to make any arguments as to why these copies were necessary and they

14

also fail to indicate whether they already had any of the exhibits in their possession. Because Defendants do not put forward any arguments or evidence that copies of the deposition exhibits were necessary, the Court declines to award those costs. *See U.S. Fidelity and Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) (declining to award costs for deposition exhibits where prevailing party did not make "any argument as to why they were necessary, and whether or not it already had copies in its possession"); *Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720, at *2 (N.D. Ill. Mar. 15, 2011) (declining "to award the charges for exhibit copies where . . . Defendants . . . put forward no argument or evidence that the exhibit copies were essential" and failed to show "that the deposition exhibits were anything other than extra copies of documents already within their possession"); *Menasha Corp. v. News Am. Mktg. Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *2 (N.D. Ill. July 31, 2003) ("Courts should not award 'costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case.'") (quoting *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002)). Accordingly, the Court does not award Defendants any costs for photocopies of deposition exhibits.

### 4. Transcripts of trial proceedings

The City also seeks $2,020.70 in court transcript fees for transcripts of trial proceedings. (R. 217, City's Mem. at 5; R. 216-2, Ex. B to City's Am. Bill of Costs at 59, 61.) Specifically, the City seeks to recover "$2,020.70 for the cost of daily trial transcripts for December 12, 13, and 14, through Plaintiff's testimony in this case." (R. 217, City's Mem. at 5.) "[A]lthough 'courts may not tax the costs of transcripts . . . provided merely for the convenience of the requesting attorney,' a transcript need not be 'absolutely indispensable in order to provide the

basis of an award of costs.'" *Majeske*, 218 F.3d at 825 (quoting *Barber*, 7 F.3d at 645). Where a

trial is lengthy and complex, costs associated with daily trial transcripts may be recovered. *Id.* at

825 n.3. Where a case is short and simple, however, "[c]osts for daily transcripts generally are

not reasonably necessary, and thus may not be recovered[.]" *Rawal v. United Air Lines, Inc.*, 07

C 5561, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012) (sustaining objections to prevailing

party's request for daily trial transcript fees because trial was short, case was not complex, and

daily trial transcripts appeared to be more a matter of convenience); *Serwatka v. City of Chi.*, No.

08 C 5616, 2011 WL 2038725, at *3 (N.D.Ill. May 24, 2011) (denying award of costs of daily

transcripts where trial was short, straightforward, and relatively simple). In addition to the length

and complexity of the issues, courts consider several other factors when deciding whether to tax

the additional costs of daily trial transcripts, such as: (1) "whether a daily transcript was

necessary to minimize disagreement over the testimony of witnesses," (2) "whether proposed

findings of fact were required," (3) "whether the case involved expert witnesses whose cross-

examination required knowledge of the exact wording of their previous testimony or that of any

other witness," (4) "the size of the claim," and (5) "the importance of witness credibility." *Ernst*

*v. Anderson*, No. 02 C 4884, 2006 WL 163024, at *2 (N.D. Ill., Jan.18, 2006) (citing

*Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 719 (N.D. Ill. 1982)).

Plaintiff objects to these fees and contends that "[t]he daily transcripts were not necessary

because the trial was not lengthy or complex." (R. 258, Pl.'s Resp. at 9) (citing *Karmel v. City of*

*N.Y.*, No. 00-CV-9063 (KMK), 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008); *Pharm. Res.*,

*Inc. v. Roxane Labs., Inc.*, Civ. No. 03-3357 (DRD), 2008 WL 2951173, at *6 (D.N.J. July 25,

2008)). According to the City, however, the "daily transcripts were necessary for [the City] to

16

prepare direct and cross-examination questions of Plaintiff and other witnesses in light of Plaintiff's testimony, to prepare its motion for judgment as a matter of law, to prepare for closing arguments, and to respond to post-trial motions." (R. 217, City's Mem. at 5-6.)

The trial in this case was straightforward and was neither complex nor relatively long, and the City does not contend otherwise. The City did not need daily transcripts to allow it to conduct effective direct and cross-examinations or to prepare for closings arguments as the City suggests. The City could have prepared just as well by taking careful notes throughout the course of the trial, as nowhere does the City contend that the daily trial transcripts were necessary to minimize disagreement over witness testimony or that witness credibility was an important issue at trial. Considering these circumstances, the Court finds that the City's decision to request daily trial transcripts was more of a convenience and not a necessity. *See, e.g., Perry v. U.S. Dep't of Energy*, No. 05 C 3634, 2008 WL 161679, at *3 (N.D. Ill. Jan. 14, 2008) (declining to award costs for daily trial transcripts where counsel could have relied on their notes and memories to prepare witness examinations and closing arguments). Accordingly, the Court declines to award the City the costs of the daily trial transcripts.

### D. City's fees for witnesses

The City also seeks $437.55 in witness fees, which it alternatively refers to as "subpoena fees," pursuant to 28 U.S.C. § 1821. (R. 216, City's Am. Bill of Costs at 2; R. 216-2, Ex. A to City's Am. Bill of Costs at 8, 29-34; *see also* R. 260, City's Reply at 1 n.1.) Under 28 U.S.C. § 1821, witnesses who are deposed are to be paid attendance fees and travel expenses. 28 U.S.C. § 1821(a)(1). According to the City, these "subpoena fees" relate to subpoenas the City issued to seven medical service providers. (R. 217, City's Mem. at 7.) Plaintiff objects to these charges

17

and argues that "[a]ll but one of the claimed charges are fees associated with the cost incurred by the copying of medical records and are not reimbursable under 28 U.S.C. § 1821." (R. 258, Pl.'s Resp. at 10.)

Plaintiff is correct that the "subpoena fees" the City seeks are not properly reimbursable under 28 U.S.C. § 1821. Nevertheless, "awarding the costs of obtaining copies of medical records necessary for a case is 'clearly allowable' in the Seventh Circuit." *Gillman v. Crown Equip. Corp.*, No. 95 C 1914, 1996 WL 556706, at *5 (N.D. Ill. Sept. 26, 1996) (citing *Finchum*, 57 F.3d at 534; *M.T. Bonk Co.*, 945 F.2d at 1410); *see also Dishman*, 279 F.R.D. at 465 (citing *Carlson v. Bukovic*, No. 07 C 06, 2009 WL 2448603, at *2 (N.D. Ill. Aug. 7, 2009)). Here, the fees are properly recoverable because they were paid to medical service providers for medical records that were necessary to the case. Although the City provided invoices or receipts from five of the medical service providers to support its request for "subpoena fees," the City did not provide invoices for two of the medical service providers. (R. 216-2, Ex. A to City's Am. Bill of Costs at 29-34.) Accordingly, the Court only grants the City the costs supported by the invoices actually provided, which amounts to $371.75.

### E.    City's fees for copying costs

The City also seeks $1,217.55 in copying costs pursuant to 28 U.S.C. § 1920(4). (R. 217, City's Mem. at 6; R. 216-2, Ex .A to City's Am. Bill of Costs at 3-7; R. 216-2, Ex. B to City's Am. Bill of Costs at 59, 62.) Specifically, the City seeks $875.70 for copies of pleadings, motions, and discovery papers, and $341.85 for copies of trial exhibits. (R. 216-2, Ex. A to City's Am. Bill of Costs at 3-7; R. 216-2, Ex. B to City's Am. Bill of Costs at 59, 62.) A prevailing party may recover costs for copies of materials that were "necessarily obtained for use

18

in the case." 28 U.S.C. § 1920(4); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). This includes costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel. *Swan Lake Holdings, LLC v. Yamaha Golf Car Co.*, No. 09-228, 2011 WL 1869389, at *3 (N.D. Ind. May 13, 2011). A prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess and Surplus Ins., Inc. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, a prevailing party need only "provide the best breakdown obtainable from retained records." *Id.* Here, the City itemized these costs in a table entitled "Fees for Exemplification and Copies of Papers." (R. 216-2, Ex. A to City's Am. Bill of Costs at 3-7.) The detailed itemization identifying the type of document, the number of pages copied, and the cost per page is sufficient documentation. *See Dishman*, 279 F.R.D. at 469.

The City's itemized list of costs indicates that copying charges were incurred at a rate of $0.15 per page, which is a reasonable rate. *See Dishman*, 279 F.R.D. at 469 (citing *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 WL 3555770, at *3 (N.D. Ill. Aug. 11, 2011)); *see also Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) ("Copy fees between $0.10 and $0.20 per page are reasonable.") The City's itemized list of costs also indicates that it made anywhere between two to four copies of each court filing and one copy of each document production. (R. 216-2, Ex. A to City's Am. Bill of Costs at 5.) Generally, "prevailing parties are permitted to recover the cost for making three copies only because § 1920 allows recovery for materials actually prepared for use in the litigation and delivered to the court and opposing counsel." *Harkins*, 286 F. Supp. 2d at 982-83. Although litigation typically "requires one copy

19

for the defendant, one copy for the plaintiff, and one copy for the court," in this case four copies
of court filings are reasonable because there were two defendants, each of which was represented
by separate counsel. *See id.* at 982 (four copies were reasonable where plaintiff was represented
by two sets of counsel). Furthermore, after electronic filing became mandatory, parties have
been allowed to recover for only two copies of court filings. *Gutzwiller v. City of Chi.*, No. 03 C
7598, 2007 WL 2298366, at *2 (finding that costs for two copies, but not three, of documents
filed electronically are recoverable). In those instances where the City filed a motion with the
Court after electronic filing became mandatory, it only seeks to recover two copies of the filing.
(R. 216-2, Ex. A to City's Am. Bill of Costs at 3-7.) Additionally, a party may generally
"recover the costs associated with one copy of discovery production documents[.]" *Nilssen*,
2007 WL 257711, at *6 (citing *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685
(7th Cir. 2000); *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *3 (N.D.
Ill. March 3, 1998)). Here, the City is only seeking to recover for one such copy, and its request
is therefore appropriate. Plaintiff contends that the City should not recover for the costs of
various court filings, such as the City's motion for leave to depose Dr. Yapor, because
Defendants never referenced, ordered, or used his deposition transcript. The Court finds
Plaintiff's objections without merit and awards the City $875.70 for the cost of making copies of
pleadings, motions, and discovery papers.

The City also seeks $341.85 in costs for copies of trial exhibits. (R. 216, City's Am. Bill
of Costs at 62.) Specifically, the City seeks reimbursement for copies of one set of Plaintiff's
trial exhibits, one set of Defendant's trial exhibits, and eight jury books. (R. 216-2, Ex. B to
City's Am. Bill of Costs at 59.) Costs for exhibits are recoverable if the exhibits were reasonable

and necessary, in that they were an aid in understanding an issue in the case. *Nilssen*, 2007 WL

257711, at \*3. Plaintiff objects to the City's request for the cost of copying one set of Plaintiff's

trial exhibits. (R. 258, Pl.'s Resp. at 11.) Plaintiff asserts that these copies were "unnecessary

and solely for attorney convenience" because Plaintiff provided Defendants with a copy of these

exhibits at the beginning of trial." The Court agrees. Accordingly, Defendants may only recover

$101.85 for copies of trial exhibits. In total, the City may recover $977.55 in copying costs.

### CONCLUSION

For the reasons set forth above, Williams' petition for costs (R. 214) is GRANTED in

part in the amount of $6,848.35. The City's petition for costs (R. 216) is GRANTED in part in

the amount of $9,485.90.

Entered: _____

**Judge Ruben Castillo**
**United States District Court**

**Date:** December 21, 2012